James A. **HENRY** d/b/a Automation Systems Marketing, Plaintiff— Appellant,

v.

**STANDARD AUTOMATION & CONTROL, Defendant— Appellee.**

No. 04–16588.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2006.*

Filed Aug. 4, 2006.

Automation Systems Marketing, Scottsdale, AZ, pro se.

* This panel unanimously finds this case suit-

**578**

Sharon B. Shively, Esq., Sacks Tierney P.A., Scottsdale, AZ, Christine Kirchner, Esq., Joshua N. Bowlin, Esq., Chamberlain Hrdlicka White, Houston, TX, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

James A. Henry is a nonattorney who does business under the name Automation Systems Marketing ("Automation"), a sole proprietorship.[1] He filed this appeal from the district court's denial of a motion to vacate an arbitration award denying Automation damages or any other relief in a business dispute. We review de novo the district court's decision to confirm an arbitration award. *See Fidelity Fed. Bank v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir.2004).

Federal law allows vacatur of an arbitration award "where there was evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2). Henry alleges that the arbitrator showed "severe partiality" during and after the hearing. He does not, however, present any evidence of partiality except his own disagreement with the result. He claims that counsel for Standard made an admission during the arbitration, but because neither Henry nor Standard requested a transcript of the arbitration, there is no record of what was said during the proceeding. Henry has not shown any partiality that would justify vacating the arbitration award. We therefore affirm the district court.

Standard requests an award of sanctions under Federal Rule of Civil Procedure 11. Although Henry's appeal is without merit, we do not find it submitted for an improper purpose or frivolous. We therefore deny the request for sanctions.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We sua sponte amend the caption to conform it to the district court's order stating that plaintiff is "correctly identified as James A. Henry d/b/a Automation Systems Marketing." Thus, Henry may proceed pro se and is not barred by our "longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *See D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir.2004) (internal quotation and alteration omitted).